# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    **Plaintiff,**

    **v.**                               **Case No. 15-CR-101**

JAMES G. WHEELER,

    **Defendant.**

## ORDER ON DEFENDANT'S MOTION TO REOPEN DETENTION ORDER

James Wheeler is charged with one count of felon in possession of firearm. On September 23, 2015, after conducting an evidentiary hearing, I ordered Wheeler detained pending trial in his case. Wheeler now files a motion to reopen his detention order and asks me to reconsider. (Docket # 10.) Specifically, Wheeler asks to be released to reside with his grandmother on electronic monitoring upon posting $2,000. In support of his request for release, Wheeler submitted a letter requesting that I consider releasing him to spend time with his young daughters while he awaits his fate in this case. I also received a letter from Ms. Tameka Velez in support of Wheeler's release.

A defendant who has been detained can seek to re-open the detention hearing under 18 U.S.C. § 3142(f)(2), which provides as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

At the detention hearing, the government argued that Wheeler should be detained both as a danger to the community and as a flight risk. Wheeler correctly argued that this was not a

presumption of detention case. Additionally, he argued that his entire family lives in Milwaukee and that he has been living with his girlfriend. He submitted that his revocations were not for missed court dates. In response to the government's argument that forensic examination linked the firearm found in his car to prior shootings, Wheeler noted that the prior shootings do not relate to the charged offense. He argued for release on a moderate cash bond.

After considering both sides' arguments and the factors that I must consider under the Bail Reform Act, I concluded that the government had met its burden of showing by a preponderance of the evidence that Wheeler presented a risk of flight. Wheeler is a suspect in a 2014 homicide and had been wanted for that homicide for over one year. On February 26, 2015, police tried to conduct a traffic stop of Wheeler. When police activated their lights and siren in an attempt to stop the car, Wheeler accelerated, lost control of the car, and slid into a snow bank. After getting out of the car, Wheeler engaged the police in a foot chase and ultimately escaped. In addition to this conduct, Wheeler has a prior conviction for a crime of violence, an attempted armed robbery. He was sentenced to 5 years of prison and 3 years of extended supervision. His extended supervision was twice revoked.

Wheeler's current proposal does not change the reasons for his detention. I do not doubt that Wheeler loves his children and sincerely wishes to be with them while he awaits trial in this case, as he states in his letter. I also do not doubt that Wheeler is a good father, brother, son, and friend, as described in Ms. Velez's letter of support. However, Wheeler's flight from the police, prior conviction for a crime of violence, and being twice revoked on state court supervision makes him too risky for release pending trial. I find no reason to reconsider that there are no conditions or combinations of

conditions that can reasonably assure Wheeler's appearance. Therefore, I respectfully decline to re-open the detention hearing and set conditions of release.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 20th day of October, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge